UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Nautilus Insurance Company, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-05-3278 |
| | § | |
| 5 Westside Group, Inc., et al., | § | |
| | § | |
| Defendants. | § | |

## Opinion on Summary Judgment

1.    *Introduction.*

A home-repair company asked its insurers to reimburse it for its defense and liabilities in two lawsuits.  The insurer says that it has no duty to pay for the lawsuits under the terms of the policy.  It is correct and will prevail.

2.    *Background.*

Jason Freeman owns 5 Westside Group.  Westside operates as Paul Davis Restoration of Southwest Houston.  It is part of a national franchise that repairs damaged properties for insurance-policy holders.  Freeman does the work.  Westside has a policy covering commercial-general liability with Nautilus Insurance Company.

Charles and Carolyn Brown hired Westside to remove mold and perform construction on their house.  They claim that Freeman caused over $50,000 of damage with his work. They have sued Westside for expenses to cover alternative housing, furniture, and a third-party re-evaluation of their home.

Carolyn Mytholar hired Westside to repair water damage in her house.  Westside sued her for breach of contract because she paid about $5,200 less than the amount due – $21,000.  She counter-claimed, arguing that the repairs did not comply with the Houston building code or industry standards and that the work must be redone.  Mytholar also says that Freeman has not returned her appliances.

3.      *Property Damage.*

The Browns asserted that Westside made unauthorized structural changes, broke the gas line, fouled the wiring, and damaged the house otherwise. Because the Brown's damages arose from Westside's work, they are not covered. Specifically, the property-damage exclusion says:

> This insurance does not apply to . . . real property on which you or any contractors . . . are performing operations, if the "property damage" arises out of those operations.

Mytholar claimed that Westside's repairs do not meet Houston building codes. The policy does not cover Mytholar's claim. It excludes claims for a "particular piece of any property that must be restored, repaired, or replaced" because work was incorrectly performed. Her claim is for a breach of warranty - a contract claim - not property damage.

4.      *Missing Personalty.*

The Browns and Mytholar also claim loss of personal property. The Browns assert that Westside removed furniture to work on their house and has not given it back. Mytholar says that Westside has refused to return some of her appliances.

The policy covers property damage which is defined as "physical injury to tangible property." Neither the Browns nor Mytholar claim that their property was damaged; they say it has not been returned. The claim is not that Westside damaged the property, but that it took custody and exercise control over it beyond their authority, which is a conversion claim.

Nautilus's policy does not cover failure to return bailed property.

5.      *Mold.*

Westside argues that Brown's mold claim is covered by the policy. Nautilus disagrees. The policy excludes:

> [P]roperty damage which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release, or escape of "pollutants" at any time.

The mold was in the Brown's house before Westside's work and spread naturally. Although Westside failed to eliminate the mold, it did not cause its inception or growth. If a worker introduced the mold extraneously it could be a pollutant, but in this case it is not because there was no spill – no discharge.

Even if it were a pollutant, the policy's microorganism clause would exclude it. It says:

> [L]iability, injury or damage of any kind . . . arising out of, related to, caused by or in any way connected with the exposure to, presence of, formation of, existence of or actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of any microorganisms . . . including but not limited to mold, mildew, fungus, spores . . . .

Because mold is included in the clause, the claim is excluded.

6.    *Conclusion*.

Nautilus has no duty to defend Westside against the homeowners' claims.  The policy does not cover Westside's actions that underlie the homeowners suits.  Nautilus does not owe indemnity or defense for these lawsuits.

Signed June 15, 2006, at Houston, Texas.

_____

Lynn N. Hughes
United States District Judge